■ In the Matter of PACIFIC T. GIORDANO, II, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [724 NYS2d 506] —Per Curiam. Respondent was admitted to practice by this Court in 1996. He resides in Connecticut.

In February 2001, respondent was convicted in Connecticut Superior Court upon his plea of guilty to the felony offense of larceny in the first degree (Conn Gen Stat § 53a-122). His conviction arose out of his issuance of one or more checks from his attorney-at-law account returned for insufficient funds. He was sentenced to five years' probation and ordered, among other things, to make restitution of $264,091.90 and perform 250 hours of community service.

Respondent's conviction is essentially similar to a violation of Penal Law § 155.40, grand larceny in the second degree, a class C felony (see also, Penal Law § 155.30). He therefore ceased to be an attorney upon his conviction (see, Judiciary Law § 90 [4] [a], [e]).

We, therefore, grant petitioner's motion which respondent advises he does not oppose and strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

Cardona, P. J., Mercure, Peters, Carpinello and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules (see, 22 NYCRR 806.9) regulating the conduct of disbarred attorneys.